# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

LISA M. FARLEY, *as Administratrix of the Estate of Tyler Bennett, Deceased*,

        Plaintiff,

v.           CIVIL ACTION NO. 2:20-cv-00163

PHILLIPS AND JORDAN, INCORPORATED,
and JOHN DOE LANDOWNER, CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendant Phillips & Jordan, Inc.'s Motion to Dismiss Counts II and III of the Complaint* (Document 4), *Defendant Phillips & Jordan, Inc.'s Memorandum in Support of Its Motion to Dismiss* (Document 5), the *Plaintiff's Brief in Opposition to Defendant Phillips & Jordan, Inc's Motion to Dismiss Counts II and III of the Complaint* (Document 8), and *Defendant Phillips & Jordan, Inc's Reply in Support of Its Motion to Dismiss* (Document 9), together with the Plaintiff's *Complaint* (Document 1-1). For the reasons stated herein, the Court finds that the motion should be granted in part and denied in part.

## FACTUAL ALLEGATIONS

The Plaintiff, Lisa M. Farley, as Administratrix of the Estate of Tyler Bennett, filed her complaint in the Circuit Court of Fayette County, West Virginia, on or about January 31, 2020. She named as Defendants Phillips and Jordan, Incorporated (P&J), and John Doe Landowner Corporation.

On or about August 6, 2018, P&J hired Mr. Bennett as a logger and equipment operator. Another logging crew member gave Mr. Bennett "a cursory verbal training." (Compl. at ¶ 9.) P&J operated a logging site in Scarbro, West Virginia. It assigned Mr. Bennett to operate an excavator at the site, although he had never been properly trained to do so. On or about April 5, 2019, the excavator Mr. Bennett was operating toppled over, and he was crushed by its boom. He "sustained severe crushing injuries of chest, abdomen, and pelvis resulting in his death." (*Id.* at ¶ 12.)

The Plaintiff seeks damages. She asserts three causes of action. Count 1, entitled "Deliberate Intent," alleges that P&J's failure to train Mr. Bennett on the proper use of an excavator constitutes a specific unsafe working condition within the meaning of the statute, that P&J was aware of the unsafe working condition and the high degree of risk and strong probability of serious injury or death presented, that the condition was a violation of a statute, rule, regulation, or safety standard, and that P&J nonetheless intentionally exposed Mr. Bennett to the unsafe condition by requiring him to operate the excavator. Count II, entitled "Negligence," alleges that the Defendants breached a duty to "use reasonable care in operating logging equipment and to provide a reasonably safe place for Plaintiff to work," negligently failed to ensure that Mr. Bennett was properly trained, and thereby caused his death. (*Id*. at ¶ 22–24.) Count Three, entitled "Joint Venture – Defendants Phillips and Jordan, Inc. and John Doe Landowner Corporation," alleges that John Doe Landowner provided land, knowledge, and skill and P&J provided a work force for a joint logging venture, with both Defendants seeking to profit from a single business task of logging the property.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

Rule 9(b) of the Federal Rules of Civil Procedure requires that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake," although allegations related to state of mind "may be alleged generally." "To satisfy Rule 9(b), a plaintiff asserting a claim under the [False Claims] Act 'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455–56 (4th Cir. 2013) (quoting *United States ex rel. Wilson v. Kellogg Brown*

*& Root, Inc.,* 525 F.3d 370, 379 (4th Cir.2008)). The Fourth Circuit cautions courts to "adhere[] firmly to the strictures of Rule 9(b) in applying its terms to cases brought under the Act," explaining that "[t]he multiple purposes of Rule 9(b), namely, of providing notice to a defendant of its alleged misconduct, of preventing frivolous suits, of eliminating fraud actions in which all of the facts are learned after discovery, and of protecting defendants from harm to their goodwill and reputation are as applicable in cases brought under the Act as they are in other fraud cases." *Id*. at 456 (internal quotation marks and citations omitted).

When reviewing a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

**ANALYSIS**

P&J moves for dismissal of Counts II and III. It asserts that it is an employer covered by the West Virginia Workers' Compensation Act (WCA) and is legally immune from liability for common law tort claims. It further argues that "joint venture" is not a stand-alone claim for which

4

relief may be granted. The Plaintiff asserts that "the Complaint states a claim upon which relief may be granted for deliberate intent as to Defendant P&J; negligence as to Defendant John Doe; and joint venture as to each." (Pl.'s Resp. at 3.) She argues that P&J cannot properly seek to dismiss the negligence claim "to the extent it directly applies to the conduct of John Doe Landowner" but asserts that "the negligence claim is only directed to Defendant P&J if a joint venture is found." (*Id.* at 4, 8.) She contends that West Virginia courts have "repeatedly recognized joint venture as a stand-alone claim." (*Id.* at 6.)

The WCA generally immunizes "any employer…who subscribes and pays into the workers' compensation fund" from liability for workplace injuries and deaths of employees. W. Va. Code § 23-2-6. "West Virginia law expressly provides an exemption from employee civil liability claims for work-related injuries to employers who are in good standing with the Workers' Compensation laws of the state W. Va. Code § 23-2-6 (1991)." *Sedgmer v. McElroy Coal Co.*, 640 S.E.2d 129, 132 (W. Va. 2006) (per curiam.) "The Legislature also expressly provided that this immunity is not absolute in the area of 'deliberate intention' injuries, setting forth mandatory requirements at [W. Va. Code § 23-4-2(d)], which must be met before an employer's immunity is lost and an employee may recover outside the workers' compensation system." *Id.* at 133.

W. Va. Code § 23-4-2(d)(2)(B) sets forth the five elements that a Plaintiff must prove to establish a deliberate intent cause of action:

> (i) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (ii) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition.

> (iii) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer.
>
> (iv) That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
> (v) That the employee exposed suffered serious compensable injury or compensable death . . . as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(B) (subsections omitted). A plaintiff must offer evidence of each element to state a claim for a deliberate intent action. Syl. Pt. 3, *FirstEnergy Generation, LLC v. Muto*, 832 S.E.2d 58 (W. Va. 2018).

Because the WCA provides the "exclusive remedy" against an employer for workplace injuries and deaths and it provides immunity in the absence of deliberate intent, the Plaintiff's negligence claim is not legally viable as to P&J. P&J is an employer that participates in the Workers' Compensation system and is therefore immune from negligence claims. Whether it was in a joint venture has no bearing on its statutory immunity. Therefore, Count II should be dismissed as to P&J.

The nature of the dispute as to Count Three is a bit opaque. P&J does not appear to argue that the Plaintiff should not be permitted to attempt to demonstrate that it was in a joint venture with John Doe Landowner, such that both Defendants may be held "jointly and severally liable for all obligations pertaining to the venture." *Armor v. Lantz*, 535 S.E.2d 737, 743 (W. Va. 2000). P&J contends instead that "joint venture" is not an independent basis for liability. The Plaintiff

relies on cases in which a complaint similarly pled "joint venture" in a separate count to argue that it is a permissible stand-alone claim.

The cases cited by the Plaintiff addressed the question of whether a plaintiff could pursue liability using a joint venture theory but did not recognize an *independent* cause of action for engaging in a joint venture. A plaintiff who establishes that two or more entities are engaged in a joint venture is, of course, not entitled to relief without also establishing that the entities are liable based on some underlying substantive cause of action. Engaging in a joint venture is not an act that, on its own, exposes a business to liability, and no one can sue a business simply for being in a joint venture.

The purpose of a joint venture claim is to assert joint and several liability amongst multiple defendants who formed an association to "carry out a single business enterprise for profit, for which purpose they combine[d] their property, money, effects, skill and knowledge." *Id.* at 742; *see also Holmes v. Runyan & Assoc., Inc.*, No. CIV.A.2:09-0679, 2010 WL 2218698, at *3 (S.D.W. Va. June 2, 2010) (Copenhaver, J.) (explaining that a joint venture claim "seeks to impose liability upon both of the defendants for each of the claims brought by the plaintiff in [the underlying count]" and thus "incorporates the requests for relief in each of those counts"). Courts within this district have framed the question differently. Judge Johnston explained that "A joint venture and agency claim may be asserted independently but must be based on other underlying claims." *Blizzard v. Infinity Home Mortgages, LLC*, No. 2:15-CV-13553, 2016 WL 5329614, at *4 (S.D.W. Va. Sept. 21, 2016) (Johnston, J.). Judge Goodwin held that "[l]ike civil conspiracy, joint venture is not a stand-alone claim, but a basis for vicarious liability." *W.W. McDonald Land Co. v. EQT Prod. Co.*, 983 F. Supp. 2d 790, 811 (S.D.W. Va. 2013), *opinion clarified* (Jan.

7

21, 2014) (Goodwin, J.) (permitting the joint venture claim to proceed based on a finding that joint venture liability could be applicable to non-tort claims that remained pending). In short, joint venture may be alleged as a cause of action or claim in a complaint if it relates to a substantive cause of action, but it is not an independent basis for liability. Thus, although P&J is correct that the joint venture claim is not a stand-alone or independent cause of action, John Doe Landowner remains listed as a Defendant, the Plaintiff's deliberate intent claim remains pending, and a joint venture claim may proceed in relation to that claim.[1] Accordingly, with this interpretation, the motion to dismiss as to Count Three should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Phillips & Jordan, Inc.'s Motion to Dismiss Counts II and III of the Complaint* (Document 4) be **GRANTED in part and DENIED in part** as set forth more fully herein. The Court further **ORDERS** that **Count II** be **DISMISSED** as to Phillips & Jordan, Inc.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 6, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] The negligence claim remains pending as to John Doe Landowner, who has not yet been identified or served. However, as noted herein, P&J as an employer is immune from a negligence claim regardless of the status of any joint venture.